IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE FOLLOWING EMAIL ADDRESSES THAT IS STORED AT PREMISES CONTROLLED BY GOOGLE LLC: <br> NOEMIACHICHA4@GMAIL.COM and BRITTANYTOMAINO1989@GMAIL.COM | Case No. 2:20-mj-00071-JCN <br><br> **Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, David J. Pawson, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.  I make this affidavit in support of an application for a search warrant for information associated with certain accounts that is stored at premises controlled by Google LLC, an email provider headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Google LLC to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2.  I am a Special Agent (SA) with Homeland Security Investigations (HSI), and have been since 2009. Prior to my tenure with HSI, I was employed as a Border Patrol Agent with the United States Border Patrol from 2005 until 2009. I have participated in numerous criminal investigations, to include matters involving document and benefit fraud and aggravated

identity theft. My responsibilities include investigating cases involving persons who have unlawfully obtained and/or used counterfeit and/or altered identification documents such as driver's licenses, resident alien cards, employment authorization documents and passports to fraudulently obtain government benefits or for financial gain. In the course of my law enforcement career, I conducted or participated in numerous other investigations and received training in financial investigations related to frauds, money laundering as well as dark net investigations such as the violations that are the subject of this investigation. I have also assisted in the execution of numerous search and arrest warrants during which evidence of document benefit fraud and identity theft, and other contraband has been found. Based on my training and experience, I am familiar with the means by which individuals use computers and information networks to commit various crimes.

3. This affidavit is based on information learned in the course of my investigation, as well as information communicated to me by witnesses and other law enforcement agents in the course of my investigation. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of federal criminal law, including conspiracy, in violation of 18 U.S.C. § 371, aiding and abetting bank fraud in violation of 18 U.S.C. §§ 1344(2) and 2, and aiding and abetting aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(1) and 2, have been committed by Bernard Gadson and Noemia Chicha, and that those offenses were committed by Bernard Gadson while he was subject to conditions of release in the case of *United States v. Bernard Gadson and Rahshjeem Benson*, Criminal No. 2:19-cr-00122-DBH. Gadson's commission of new federal crimes, while on conditions of release, is a violation of the

federal criminal contempt statute, 18 U.S.C. § 401(3).  There is also probable cause to search the information described in Attachment A for evidence of these crimes further described in Attachment B.

## JURISDICTION

5. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

6. On June 20, 2019, a federal grand jury returned an indictment charging Bernard Gadson and Rahshjeem Benson with attempted bank fraud, in violation of 18 U.S.C. §§ 1344(2) and 2, aiding and abetting aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(1) and 2, and conspiracy, in violation of 18 U.S.C. § 371.  Gadson was arrested on the federal charges on August 14, 2019, in Massachusetts.  Although he was initially ordered detained by a magistrate judge in the District of Massachusetts, Gadson appealed that order when he arrived in the District of Maine and was eventually released on conditions on September 24, 2019.  Gadson's conditions of release contained the standard condition that he not commit new crimes while on release.  On October 24, 2019, Gadson was charged in a Superseding Indictment with one additional count of bank fraud and one additional count of aggravated identity theft.  The case is captioned *United States v. Bernard Gadson and Rahshjeem Benson*, Criminal No. 2:19-cr-00122-DBH, and is currently set for trial in June of 2020.

7. During the course of my initial investigation, I was able to determine that one of Gadson's and Benson's co-conspirators, Roza Novikov, acting at the direction of Benson and

Gadson, had applied for personal loans at banks and credit unions throughout New England in the name of at least four different women, during the period from approximately December 26, 2018, through the date of her arrest in January, 2019: (1) S.H.; (2) C.W.; (3) S.B.; and (4) A.P. Each time that she applied for loan, Novikov provided an email address for each of these individuals. On October 18, 2019, during the course of debriefing Novikov, I learned that those email addresses were actually real Gmail addresses that Gadson had created for the sole purpose of facilitating the bank fraud scheme. According to Novikov, Gadson would create Gmail accounts in the name of the victims and then provide her with the password for each account, so that both she and Gadson could use the Gmail address to communicate with the victim financial institutions during the course of the fraud. The sole purpose of creating these Gmail accounts was to be able to provide documents and other information requested by banks and credit unions in connection with the fraudulent loan applications.

8. On October 21, 2019, I applied for a warrant authorizing the search and seizure of information associated with the following email accounts maintained by Google, which I believed would contain evidence of the aforementioned violations of federal criminal law: (1) alisonpennington81@gmail.com; (2) storyurbanich87@gmail.com; (3) bills9302@gmail.com; (4) carynnawright85@gmail.com; (5) andrewking33@gmail.com; (6) rahshjeembenson69@gmail.com; and (7) andrewwhitney39@gmail.com. A copy of the affidavit I submitted in support of that search warrant is attached hereto as Exhibit 1 and expressly incorporated herein.

9. On November 18, 2019, I applied for a subsequent warrant authorizing the search and seizure of information associated with email account andrewking033@gmail.com maintained by Google, which I believed would also contain evidence of the aforementioned

violations of federal criminal law. A copy of the affidavit I submitted in support of that search warrant is attached hereto as Exhibit 2 and expressly incorporated herein.

10. As noted above, one of the email accounts included in the search warrant was andrewking033@gmail.com. When I received information from Google regarding this particular account, I found emails within that account from Formswift.com. Formswift is a California-based company that provides an online platform for users to create and edit a variety of legal documents, including real estate leases, and to share editable versions of the documents with others. The emails I reviewed from Formswift.com indicated that a file had been sent from the andrewking033@gmail.com account to email account noemiachicha4@gmail.com on October 17, 2019. In the subject line of the email, I observed the word "lease."

11. I know from interviews of witnesses in this investigation that as part of the scheme, bogus lease agreements would be presented to financial institution personnel as evidence of residency to support the fraudulent loan applications.

12. When I opened the email referenced above in paragraph 10, I found that it contained an attachment that when opened was titled "Leaseagreement-1217402.pdf." I also found in the body of this email the following link to Formswift.com to access the document: https://formswift.com/export/pdf.php?member=1&documentType=leaseagreement&ses=d1d5c9ce8788a85cbcd2bffb42429a9c&key-80396930. Upon opening this document, I found a purported Residential Real Estate Lease between Brittany TOMAINO (Lessee) and Drew JOCELYN (Lessor) for an apartment located at 209 W 15th Street Apartment 2, in Minneapolis 55403.

13. During the course of my ongoing investigation, I also reviewed information provided to me by PayPal.com for accounts related to Bernard Gadson. I found that on

November 7, 2018, PayPal account number 1809338897571555385 in the name of Bernard GADSON was established. This account is associated to telephone numbers 857-247-3773 and 339-218-8877 as well as the physical address of 120 Daniels Street in Malden, Massachusetts. Additionally, this account is associated to multiple email addresses including brittanytomaino1989@gmail.com. This account was funded by Capitol One Bank NA MasterCard account number XXXX XXXX XXXX 3617 in the name of Bernard GADSON.

14. As I noted above, to further the scheme, email accounts were established in the names of each of the victims whose identities and personal identifiers were being utilized to obtain fraudulent loans. Those email accounts usually consisted of the first and last name of the victim as well as their year of birth. When I saw the email account brittanytomaino1989@gmail.com I surmised that this email likely identified an additional/new victim of identity theft. I conducted open source computer checks and located one potential person with the name Brittany Tomaino who was born in 1989. I contacted Ms. Tomaino and discovered that her identity had in fact been used in Minnesota and Michigan to obtain fraudulent loans, following the same pattern as the one deployed by the defendants in this case.

15. Ms. Tomaino gave me information from her credit report, which identified a number of financial institutions where accounts had been fraudulently opened in her name, such as Affinity Plus Credit Union, Genisys Credit Union, Hiway Federal Credit Union as well as a Capitol One credit card. I contacted these financial institutions and learned that the email address brittanytomaino1989@gmail.com had been used when the accounts were opened. As noted above, this is the same email address which I discovered in Bernard Gadson's Pay Pal account.

16.     I contacted Hiway Federal Credit Union spoke with Fraud Specialist Anne McGarry who provided to me a copy of photographs taken of the female who represented herself as Ms. Tomaino, as well as the "in house" loan information provided at the time the loan was applied for.[1]  This printout from the Hiway Federal Credit Union computer provides the identifying information and evidence of income and credit worthiness, which the perpetrator provided in support of the fraudulent loan.

17.     The individual posing as Brittany Tomaino applied for a loan in the amount of $11,000 from Hiway Federal Credit Union on October 28, 2019 at 11:58 a.m.  At the time, the perpetrator claimed that she needed the money to pay for the funeral of a family member. Notably, the reason proffered for the loan was similar to the stated purpose of the loans applied for by Roza Novikov in Maine and elsewhere. The perpetrator provided to Hiway Federal Credit Union the personal identifying information of the real Brittany Tomaino, including her date of birth and social security number, as well as a bogus lease agreement, a counterfeit paystub from Apple and a counterfeit driver's license.

18.     Hiway Federal Credit Union did not maintain any original loan applications or make any copies of the documents used in support of the loan application.  From the credit union's internal records, however, Ms. McGarry was able to identify the email address provided by the person claiming to be Brittany Tomaino at the time of the loan application.  In fact, the perpetrator used the email address brittanytomaino1989@gmail.com, which I had previously discovered in Bernard Gadson's Pay Pal account. I reviewed the address information provided to Hiway Federal Credit Union and compared that to the lease agreement I found in Noemia Chicha's email and discovered the addresses were not the same although both purported to be

---

[1] The woman who posed as Brittany Tomaino was not Noemia Chicha.  To date, we have not been able to identify this member of the conspiracy.

addresses in Minnesota. The lease agreement also appears to be the same generic lease agreement used in each of the previous fraudulent loan applications noted in this investigation aside from the specific address, the lessee and the lessor.

19.     I then contacted Edward Rickert, Loss Prevention Specialist at Wings Financial in Apple Valley, Minnesota about a fraudulent loan in Brittany Tomaino's name. Mr. Rickert confirmed that on October 28, 2019, a woman representing herself to be Brittany Tomaino presented counterfeit Virginia Driver's License number T30415167, a bogus lease agreement, and counterfeit Apple pay stubs. The woman provided Brittany Tomaino's legitimate social security number and date of birth. This applicant also used the same email address brittanytomaino1989@gmail.com, which, again, was the same email address I discovered in Bernard Gadson's Pay Pal account.

20.     I also spoke with Jamie Walker, the Loss Prevention Specialist at Genisys Credit Union in Minnesota. She informed me that on October 28, 2019, a woman represented herself as Brittany Tomaino at the Roseville, Minnesota branch where she fraudulently applied for a $5,000 loan that was ultimately disbursed. The unidentified woman provided legitimate personal identifying information -- namely, the social security number and date of birth of the real Brittany Tomaino, and she also presented a bogus lease agreement and the same counterfeit Virginia Driver's license as was presented at the other financial institutions in Minnesota.

21.     On January 16, 2020, I received records from Google Inc. reflecting the subscriber and login information of email address brittanytomaino1989@gmail.com. I learned that this account was opened on October 17, 2019, in the name of Brittany Tomaino. I also learned this account was accessed multiple times from multiple IP addresses including

**173.76.24.69** on October 27, 2019 -- one day prior to the use of this email by someone purporting to be Brittany Tomaino at financial institutions in Minnesota.

22.     On March 5, 2020, I received records from Google Inc. related to subscriber and login information for email address bernardgadson50@gmail.com.  I learned that this account was created on February 10, 2012, in the name of bernardgadson50.  I noticed telephone number 857-247-3773, which is assigned to Bernard Gadson, was listed as the SMS number associated to this account.  I also learned that this account was accessed multiple time from multiple IP addresses included IP address **173.76.24.69** on October 26 and 28, 2019, the day before and the day after email address brittanytomaino1989@gmail.com was accessed from this same IP address.

23.     Finally, on January 20, 2020, I received records from Google Inc. related to subscriber and login information of email address bernardgadson17@gmail.com.  I learned that this account was created on April 7, 2017, in the name of Bernard Gadson.  I noticed telephone number 857-247-3773, which is assigned to Bernard Gadson, was also listed as the SMS number associated to this account.  I also learned that this account was accessed multiple times from multiple IP addresses, included the IP address **173.76.24.69,** on October 9, 2019, only a few weeks before the email address brittanytomaino1989@gmail.com was accessed from this IP address.

24.     I have also found other evidence linking Gadson to the Noemiachicha4@gmail.com email.  In furtherance of the new contempt investigation, a grand jury subpoena was served on Northeast Ally Bank FSO regarding a joint credit account number 628-9263-06796.  This account was created when Bernard Gadson and Noemia Chicha jointly applied for credit in connection with the purchase of a 2014 Mercedes Benz.  Ms. Chicha

provided email address noemiachicha4@gmail.com as her email address at the time. I also had a telephone conversation with Ms. Chicha on March 5, 2020, during which she confirmed to me that her email address is noemiachicha4@gmail.com.

25.     I know from my work on this investigation that Noemia Chicha is Gadson's girlfriend, and the mother of his child. In fact, Ms. Chicha's mother testified on his behalf at Gadson's detention hearing in the pending federal case, and when Gadson was released on conditions, he was ordered to reside with Ms. Chicha at her parents' residence in Massachusetts.

26.     When I debriefed Roza Novikov during the course of my initial investigation, she told me that Gadson's girlfriend, whom she identified only as "NuNu," was an active participant in the bank fraud scheme, and actually accompanied Novikov on one occasion when she (Novikov) applied for a fraudulent loan in Massachusetts. I was able to confirm that "NuNu" is in fact Noemia Chicha after listening to recorded jail calls between Gadson and Ms. Chicha.

27.     For all the reasons set forth above, I submit that there is probable cause to believe that Noemia Chicha and Bernard Gadson have conspired with each other and others unknown to commit bank fraud and aggravated identity theft since Gadson was released on bail conditions in in the case of *United States v. Bernard Gadson and Rahshjeem Benson*, Criminal No. 2:19-cr-00122-DBH, all in violation of the federal criminal contempt statute, 18 U.S.C. § 401(3).  For all the reasons set forth above, I also believe that there is probable cause to believe that Gadson and/or Noemia Chicha have used Noemia Chicha's Gmail account and the Gmail account brittanytomaino1989@gmail.com in furtherance of these new crimes.

## BACKGROUND CONCERNING EMAIL

28.     In my training and experience, I have learned that Google provides a variety of on-line services, including electronic mail ("email") access, to the public. Google allows

subscribers to obtain email accounts at the domain name gmail.com, like the email accounts listed in Attachment A. Subscribers obtain an account by registering with Google. During the registration process, Google asks subscribers to provide basic personal information. Therefore, the computers of Google are likely to contain stored electronic communications (including retrieved and unretrieved email for Google subscribers) and information concerning subscribers and their use of Google services, such as account access information, email transaction information, and account application information. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

29.     In my training and experience, email providers generally ask their subscribers to provide certain personal identifying information when registering for an email account. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users. Based on my training and my experience, I know that, even if subscribers insert false information to conceal their identity, this information often provides clues to their identity, location, or illicit activities.

30.     In my training and experience, email providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (*i.e.*, session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account

(such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, email providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account.

31.     In my training and experience, in some cases, email account users will communicate directly with an email service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Email providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

32.     As explained herein, information stored in connection with an email account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the information stored in connection with an email account can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, email communications, contacts lists, and images sent (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the account at a relevant time. Further,

information maintained by the email provider can show how and when the account was accessed or used. For example, as described below, email providers typically log the Internet Protocol (IP) addresses from which users access the email account, along with the time and date of that access. By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the email account access and use relating to the crime under investigation. This geographic and timeline information may tend to either inculpate or exculpate the account owner. Additionally, information stored at the user's account may further indicate the geographic location of the account user at a particular time (*e.g.*, location information integrated into an image or video sent via email). Last, stored electronic data may provide relevant insight into the email account owner's state of mind as it relates to the offense under investigation. For example, information in the email account may indicate the owner's motive and intent to commit a crime (*e.g.*, communications relating to the crime), or consciousness of guilt (*e.g.*, deleting communications in an effort to conceal them from law enforcement).

## **CONCLUSION**

33. Based on the forgoing, I request that the Court issue the proposed search warrant.

34. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. The government will execute this warrant by serving the warrant on Google. Because the warrant will be served on Google, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

_____
David J. Pawson, Special Agent
Homeland Security Investigations

Sworn to telephonically and signed
electronically in accordance with the
requirements of Rule 4.1 of the Federal Rules
of Criminal Procedure

Date: **Apr 01, 2020,:**

City and state: __Bangor, Maine__

_____
Judge's signature

John C Nivison U.S. Magistrate Judge
Printed name and title